# Wheeler Avenue Sewer.

*Sewers—Ordinance—Viewers—Damages.*

Where a city ordinance for the construction of a sewer fixes the proportions of the costs of construction which are to be paid respectively by the city and the abutting landowners, and the ordinance is made part of the petition for the appointment of viewers, and the viewers in assessing the damages name the exact amount set forth in the ordinance even to the fraction of dollars, the report of the viewers should be set aside.  In such a case the parties in interest are entitled to have the judgment of the viewers as to the damages and benefits and the cost of the sewer, and are not compelled to accept the judgment of the city engineer, or of the city councils on the subject.

A provision in a city ordinance fixing the cost of a sewer and the amount of benefits to be assessed against the city and the property owners respectively, does not render the whole ordinance invalid.  Such a provision may be treated as surplusage.

Argued Feb. 19, 1906.  Appeal, No. 210, Jan. T., 1905, by George Frank Fergusson Gadsden et al., Trustees, from order of C. P. Lackawanna Co., March T., 1904, No. 735, dismissing exceptions and confirming report of viewers In re Sewer on Wheeler Avenue, City of Scranton.  Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Reversed.

Appeal from report of viewers.  Before KELLY, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to report of viewers.

*William W. Lathrope* and *Francis William Rawle*, for appellants :—It is respectfully submitted that either (1) the munic-

ipality exceeded its powers in passing such an ordinance, and therefore the ordinance is invalid; or (2) that if the ordinance is valid, the viewers subsequently appointed under the ordinance and act of assembly were not left free and untrammeled in reaching their conclusions and their findings, and the assessments placed upon the appellants are not binding on them: Scranton Sewer, 213 Pa. 4; Fell v. Philadelphia, 81 Pa. 58; Ferguson's App., 159 Pa. 39; Twenty-eighth Street Sewer, 158 Pa. 464; Traver's App., 152 Pa. 129.

*David J. Davis*, city solicitor, with him *H. R. Van Deusen*, assistant city solicitor, for appellee, cited: Park Avenue Sewers, 169 Pa. 433.

OPINION BY MR. JUSTICE MESTREZAT, March 19, 1906:

This was a proceeding under the Act of May 16, 1891, P. L. 75, 2 Purd. 1399, to ascertain the costs and expenses and also the benefits and damages by reason of the construction of a sewer on Wheeler avenue, between Vine and Olive streets, in the city of Scranton, under an ordinance of city councils.

The councils of the city of Scranton passed an ordinance, approved December 23, 1903, authorizing the construction of a sewer in Wheeler avenue from Vine street to Olive street. Section 2 of the ordinance is as follows: " For the purpose of paying for the construction of the said sewer there is hereby appropriated the sum of $3,451.38, or as much thereof as may be necessary; of said sum of appropriation $961.52 shall be charged to the General City Sewer Loan Account and $2,489.86 shall be derived from assessments on abutting property according to benefits to be ascertained as hereinafter provided." The ordinance directed the city solicitor to apply to the court of common pleas " to appoint viewers whose duty it shall be to assess damages, costs and expenses of such sewer according to benefits in accordance with the act of May 26, 1891, and the city solicitor is hereby directed to request the court to instruct the said viewers to complete and return the said assessment within ten days from the date of their appointment."

Two petitions were presented to the court below: one praying for the appointment of viewers " to assess the damages, costs and expenses of such sewer system according to the bene-

fits, in accordance with the act of assembly in such case made and provided; " and the other praying for the appointment of "three discreet and disinterested freeholders, to ascertain the damages to or suffered by any person or property by reason of the construction of said sewer system, in accordance with the above mentioned ordinance, and also to assess properties benefited, if sufficient benefits can be found, in the manner and subject to the provisions of an act of assembly," approved May 16, 1891, and its supplements.

The viewers reported that they had ascertained and determined the costs and expenses of building the sewer would be $3,451.38; that they had assessed the city of Scranton $961.52 as her proportion of the costs and expenses of constructing the sewer; and that they had assessed the sum of $2,489.86 as the costs and expenses of building the sewer "upon the abutting properties according to the benefits which we ascertained would accrue to said properties from the construction thereof." All the property on each side of the street in which the sewer is laid belongs to the estate of Henry Beckett, deceased, and is laid out in lots. All the lots on one side and three of the lots on the other side of the street were assessed with benefits.

The trustees under the last will and testament of Henry Beckett filed numerous exceptions to the report, all of which were dismissed by the court below, and the report of the viewers was confirmed.

The second section of the act of 1891 requires the viewers to examine the property, to hear all the interested parties and their witnesses and to estimate and determine the damages for property taken, injured or destroyed and to whom the same is payable, to estimate and determine the benefits which shall accrue to any property by reason of the improvement and to make report to the court " showing the damages and benefits allowed and assessed in each case, and file therewith a plan showing the improvement, the properties taken, injured or destroyed, and the properties benefitted thereby." The 8th section of the act provides that the costs and expenses of a sewer or other improvement shall be ascertained and determined by proceedings similar to those provided in the act in case of property taken, injured or destroyed.

The appellants in their assignments allege that the court

below erred in confirming the report of viewers and assign as reasons that the ordinance providing for the construction of the sewer and proceedings in court taken in pursuance thereof were invalid and defective, that the ordinance was unwarranted and illegal because it fixed the exact amount that should be derived from assessments on abutting property, and that " the powers given to these viewers, in pursuance of the petition are restricted and are not the powers vested in viewers under the law." It is claimed that the viewers did not ascertain and determine the costs and expenses of building the sewer, nor the proportion of costs and expenses to be paid by the city, nor the sum to be assessed against the owners of the abutting properties as was their duty under the act of assembly, but in each case adopted the estimate made by the city engineer which was included in the ordinance and which became a part of the petitions presented by the city for the appointment of viewers.

It will be observed that the statute provides the method by which damages and benefits must be assessed and the costs and expenses must be determined in cases of municipal improvements. The proceedings may be commenced on the petition of the municipality or of any interested party. But the viewers, appointed by the court for the purpose, are alone invested with the authority to examine the property and estimate and determine the damages and the benefits and assess the cost and expense of the improvement. This is clearly pointed out in the statute and its supplements under which these proceedings were had. Instead of pursuing the statutory course of procedure, the city apparently ignored it, and by the second section of the ordinance providing for the construction of the sewer fixed the proportions of the costs of construction which were to be paid respectively by the city and the Beckett estate, the owner of all the property abutting on the street in which the sewer was to be laid. This action of councils was in disregard of the statute, was without any authority whatever, and should have had no binding effect upon the viewers and could have none upon the city or the owner of the abutting property. Notwithstanding the unwarranted action of the councils, the city solicitor made the ordinance a part of the petitions which he presented to court for the appointment of viewers, and thus the error was continued in the proceedings until the viewers

were appointed, in the language of the court's order, "as within prayed for."

In pursuance of the order made on these petitions, the viewers reported to the court below that they had determined the costs and expenses of the sewer and had assessed the city and the owner of the abutting property with their respective proportions of the expense. The amount fixed by the viewers was in each instance the exact sum named in the city ordinance and was as follows : Costs of sewer, $3,451.38 ; assessed against the city, $961.52 ; and assessed as benefits against the owner of the abutting property, $2,489.86. The fractional amounts of the assessments and the fact that they correspond exactly with the sums named in the ordinance compel the conviction that the different amounts mentioned in the ordinance were submitted to the viewers and that they adopted them in performing the duties of their appointment, instead of relying on their own judgment, based on the evidence and the facts, in making the assessments. That is the only reasonable conclusion deducible from all the facts in the case, and is so apparent that it needs no argument to sustain it. It is incredible in the absence of evidence to the contrary that any viewers could view the premises in question and without knowledge of the three sums named in the ordinance and without being controlled thereby assess the exact sum in dollars and fractions thereof, as the cost of the improvement, amounting to thousands of dollars, and divide that sum with like exactness into two unequal proportions as the amounts to be paid by the city and the Beckett estate. In fact it is conceded in the appellee's printed argument that as to the cost of the improvement the viewers adopted the figures named by the city engineer and inserted in the ordinance. It is there said : "It must be remembered that when the viewers made their report the sewer had not yet been constructed, and the only basis for ascertaining the cost of the work was an estimate by those familiar with such construction, and the viewers wisely took the estimate of a skilled expert, the chief engineer."

The viewers should, if necessary, have called before them such witnesses as would have enabled them to assess the damages and benefits and determine the cost of the improvement. This they had the authority, and it was their duty, to do. The

interested parties had the right to have the judgment of the viewers as to the damages and benefits and the cost of the sewer, and were not compelled to accept the judgment of the city engineer or of the city councils. The jury having failed to perform their duty in this respect as required by the statute, the court below should have set aside their report and recommitted the matter to the same or other viewers.

We do not regard the entire ordinance as invalid. That part of the second section wherein the attempt is made to fix the amounts of the assessments was enacted without authority and cannot be sustained. It may be treated as surplusage. That part of the section and the direction to the city solicitor contained in the third section should have been omitted from the ordinance, but they do not invalidate it. The ordinance is complete without those parts and they are not so connected with the other parts as to render the whole ordinance invalid. After eliminating them, the remaining portions contain the essentials of a complete ordinance for the purpose for which it was enacted, and must therefore be sustained: 21 Am. & Eng. Ency. of Law (2d ed.), 993.

As the case goes back for further proceedings, the court below should see that they are taken in strict accordance with the provisions of the statutes. This will avoid the irregularities complained of in the appellants' exceptions, and which are not assigned for error on this appeal.

The decree of the court below confirming the report of viewers is reversed, the proceedings subsequent to the appointment of viewers are set aside at the costs of the city, and a procedendo is awarded.